IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

    Petitioner,                              No. CIV S-06-2246 WBS CMK P

   vs.

WONG, et al.,

    Respondents.                       FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel and in forma pauperis with this application for a writ of habeas corpus. On December 16, 2006, respondents filed a motion to dismiss plaintiff's habeas application on the grounds that he has failed to exhaust his remedies in the California state courts. Petitioner has not filed a response.

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

///

1

In the instant petition, petitioner challenges a disciplinary violation for masturbating.  A review of the petitions presented in the California state court reveals that petitioner's filing in the lower state courts concerned the disciplinary violation for masturbation; however, his petition to the California Supreme Court did not.  (Mot. Dismiss, Ex. A.)  The petition to the California Supreme Court instead concerned a different disciplinary violation for shouting, kicking a door and destroying state property.  (Id.)   Accordingly, the claim raised in the instant petition has not been presented to the California Supreme Court.  Middleton v. Cupp, 768 F.2d at 1086.  The court finds that petitioner has failed to exhaust state court remedies.  Further, there is no allegation that state court remedies are no longer available to him.

Accordingly, IT IS RECOMMENDED that respondents' motion to dismiss petitioner's habeas application for failure to exhaust state remedies be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 18, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE